**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARJER, INC.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES SMALL BUSINESS ADMINISTRATION; and ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the United States Small Business Administration,**<br>**Defendants.** | : | **No. 3:24cv79**<br><br>**(Judge Munley)** |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Marjer, Inc. sought forgiveness of a Paycheck Protection Program ("PPP") loan from Defendant United States Small Business Administration ("SBA") but was denied. After exhausting its administrative remedies, Marjer brought this lawsuit alleging SBA's denial constitutes a violation of the Administrative Procedure Act ("APA"), pursuant to 5 U.S.C. § 706(2)(A), for being arbitrary and capricious, and lacking a statutory or regulatory basis. (Doc. 1 at 1–3, 8–11). Before the court is defendants' motion for summary judgment. (Doc. 19). For the reasons stated below, the motion will be granted.

**Background**[1]

On March 17, 2021, plaintiff submitted a second draw borrower application form, seeking a PPP loan of $20,750.[2] (Doc. 20 ¶ 7; Doc. 18 at 128). The form contained fields where an applicant could demonstrate a 25% or greater reduction in gross receipts between a reference quarter in 2019 and a quarter in 2020. (Doc. 20 ¶ 8; Doc. 18 at 128). Applicants for loans of $150,000 or less could leave this space blank but would be required to provide the information "upon or before seeking loan forgiveness or upon SBA request." (Doc. 18 at 128). Marjer left that portion of the application blank. (Doc. 20 ¶ 9).

Concerning documentation of eligibility for forgiveness, Marjer's authorized representative certified the following paragraphs by initialing:

> The Applicant has realized a reduction in gross receipts in excess of 25% relative to the relevant comparison time period. . . . For loans of $150,000 or less, Applicant will provide documentation substantiating the decline in gross receipts upon or before seeking loan forgiveness for the Second Draw Paycheck Protection Program Loan or upon SBA request.
>
> The Applicant received a First Draw Paycheck Protection Program Loan and, before the Second Draw Paycheck Protection Program Loan is disbursed, will have used the full loan amount (including any

---

[1] Unless indicated otherwise, the court cites to the defendants' statement of material facts ("SOF"), (Doc. 20), which were not controverted by plaintiff, and are therefore deemed to be admitted. M.D. PA. L.R. 56.1. Citations to page numbers in the record reflect the pagination in the court's electronic docketing system (ECF).

[2] Although the SOF states the application amount as $20,759, the cited page in the administrative record reflects a requested amount of $20,750. (Compare Doc. 20 ¶ 7 with Doc. 18 at 128). This difference in nine dollars is immaterial to the court's decision.

> increase) of the First Draw Paycheck Protection Program Loan only for eligible expenses.
>
> The funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.
>
> I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, covered utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures, and not more than 40% of the forgiven amount may be for non-payroll costs. If required, the Applicant will provide to the Lender and/or SBA documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of eligible expenses for the covered period following this loan.

Id. ¶ 10.

On April 21, 2021, SBA executed a note for $20,750. Id. ¶ 11. On April 22, 2021, PNC Bank, the lender, disbursed the loan. Id. ¶ 12. On May 2, 2022, Marjer submitted a forgiveness application requesting full forgiveness of the loan. Id. ¶ 13. Concerning documentation of eligibility for forgiveness, the application included the following paragraphs:

> Following submission of this forgiveness application, the Borrower must retain all records necessary to prove compliance with Paycheck Protection Program Rules for four years for employment records and for three years for all other records. SBA may request additional information for the purposes of evaluating the Borrower's eligibility for the PPP loan and for loan forgiveness, and the Borrower's failure to

> provide information requested by SBA may result in a determination that the Borrower was ineligible for the PPP loan or in a denial of the Borrower's loan forgiveness application.
>
> The Borrower's eligibility for loan forgiveness will be evaluated in accordance with the Paycheck Protection Program Rules. SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan.

Id. ¶ 14.

Following Marjer's application for forgiveness, SBA made seven requests, through PNC Bank, the lender, for documentation demonstrating Marjer's eligibility for the loan—on August 19, 2022, September 19, 2022, March 31, 2023, April 13, 2023, April 27, 2023, May 16, 2023, and May 17, 2023. Id. ¶ 15. The last request, dated May 17, 2023, requested documents as follows:

> (B). REQUIRED From Borrower
>
> To substantiate and determine eligibility of the applied-for/funded PPP loans, Borrower to provide the following required information and documentation:
>
> (1). ALL Pages of the complete, signed, filed, unredacted business tax returns including the IRS Form 1040 with Schedule C for the Years 2018, 2019, & 2020 (all applicable tax returns as filed with the IRS).
>
> (2). Copies of the IRS Tax Transcripts (from the IRS.gov/Treasury website) to substantiate the filed tax returns for the Years ended: Dec. 31, 2018, Dec. 31, 2019, and Dec. 31, 2020.
>
> (3). Signed IRS Form 4506-C (requesting filed tax returns including the IRS Form 1040 for the Years 2018, 2019, & 2020).
>
> (4). IRS Form 1099s for the Years 2018/2019/2020, as/if applicable.

> (5). Business Bank Account Statement for the month of May 2021.
>
> (6). Copies of Filed copy of the DBA documentation or Secretary of State filing, and Business License Registration that includes the EIN/TIN (as applicable).

Id. ¶ 16.

On June 28, 2023, SBA issued its final loan decision as to Marjer's request for loan forgiveness stating as follows:

> After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported.
>
> The SBA requested the following information to calculate the origination amount, determine the borrower's eligibility, and/or support forgiveness, however, sufficient documentation was not provided:
>
> Valid (unexpired) Picture ID for all principals (Driver's License or State ID Card).
> Business Tax Returns including all Schedules signed and filed with the IRS for tax years 2018, 2019 and 2020.
> Business IRS Tax Transcript obtained from IRS.gov for tax year 2018, 2019 and 2020.
> Business Bank Statements May 2021
> Filed copy of the DBA documentation or Secretary of State filing.
> IRS Form 1099s for the Years 2018/2019/2020.
>
> Business Bank Account Statement for the month of May 2021.
>
> As the requested required information was not returned in full, eligibility could not be confirmed, and this therefore [sic] forgiveness cannot be supported.

Id. ¶ 17.

On July 29, 2023, Marjer filed an appeal with SBA's Office of Hearings and Appeals ("OHA"). Id. ¶ 18. On October 3, 2023, after considering the complete administrative record and pursuant to 13 C.F.R. § 134.1210, OHA issued its decision finding that Marjer failed to establish that SBA's final loan decision was based on clear error. Id. ¶ 19. OHA reasoned as follows:

> Among the documents missing include tax transcripts for 2018, 2019, and 2020. Although there is a docket entry entitled tax transcript, that entry does not contain the tax transcripts, but rather a completed Form 4506-T, which is a request for tax transcripts, dated September 20, 2022. Appellant's business bank statement from May 2021 and IRS Form 1099s are also missing. The documents are necessary to determine eligibility for the Second Draw loan. For example, Appellant identified the covered period as April 22, 2021 to October 1, 2021, however the file is missing [a] business bank statement from May 2021.
>
> . . .
>
> The record is still missing the records requested by SBA. Section 1106(b) of the CARES Act provides for forgiveness of a PPP loan only if the borrower is an "eligible recipient." The Administrator has determined that to be an eligible recipient that is entitled to forgiveness under section 1106(b), the borrower must be an ["]eligible recipient" under 15 U.S.C. [§] 636(a)(36)(A)(iv) of the rules and guidance available at the time of borrower's loan application. Paycheck Protection Program – SBA Loan Review Procedures and Related Borrower and Lender Responsibilities, 85 Fed. Reg. 33010 (June 1, 2020). As the documentation is insufficient to determine if Appellant was an eligible recipient, Appellant would not be eligible for forgiveness.
>
> For the above reasons, Appellant failed to show that SBA's final loan review decision was clearly erroneous.

Id. ¶ 20.

Marjer filed a motion for reconsideration with OHA on October 13, 2023. Id. ¶ 21. The motion sought reconsideration of OHA's decision of October 3, 2023, and an extension of time to file additional documents. Id. ¶ 22. OHA issued an order on November 16, 2023, denying the motion for reconsideration and the request for an extension of time to file additional documents. Id. ¶ 23. In its denial, OHA explained as follows:

> Appellant next argues that it retained all records as part of the Paycheck Protection Program but does not obtain tax transcripts of its returns as a customary practice. It requests that the record remain open "to obtain the documents necessary and to obtain the May 2021 bank statement." Appellant, however, included its May 2021 bank statement as part of its petition for reconsideration.
>
> Appellant had many opportunities to provide the missing documents. The same email, dated April 27, 2023, that Appellant described as "missing" also informs it of documents that needed to be provided, specifically tax return transcripts for year 2018, 2019, and 2020. Requests for missing documents were also made by SBA through PNC Bank on seven different occasions: August 19, 2022, September 19, 2022, March 31, 2023, April 13, 2023, April 27, 2023, May 16, 2023, and May 17, 2023. While the record contains a completed Form 4506-T, signed on September 22, 2022, requesting tax transcripts, it appears it was never sent. Given the many past opportunities, Appellant's request for an extension of time to file additional documents is denied.
>
> Appellant's acknowledging that documents are missing supports the basis of the OHA decision. As such, Appellant failed to show that the OHA decision was clearly erroneous.

Id. ¶ 24 (citations omitted).

**Jurisdiction**

By seeking relief under the Administrative Procedure Act, plaintiff invokes this court's federal question jurisdiction, 28 U.S.C. § 1331.

**Standard of Review**

A movant is entitled to summary judgment "when there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law." Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010) (citation omitted); see also FED. R. CIV. P. 56(a). Because plaintiff brings its claims under the APA, "the usual summary judgment standard does not apply." Uddin v. Mayorkas, 862 F. Supp. 2d 391, 399–400 (E.D. Pa. 2012) (citations omitted). This is because under 5 U.S.C. § 706(2)(A), the court may only hold unlawful and set aside agency action, findings, and conclusions, if they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." "This is a deferential standard that presumes the validity of agency action." SBC Inc. v. FCC, 414 F.3d 486, 496 (3d Cir. 2005) (citation modified).

"[A]n agency decision is arbitrary and capricious if the agency fails to 'articulate a satisfactory explanation' for its action or fails 'to consider an important aspect of the problem.'" Consol. Rail Corp. v. United States, 855 F.2d 78, 92–93 (3d Cir. 1988) (quoting Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). "[A]n agency action must 'be reasonable

and reasonably explained." Trenton Threatened Skies, Inc. v. FAA, 90 F.4th 122, 130 (3d Cir. 2024) (quoting FCC v. Prometheus Radio Project, 592 U.S. 414, 423 (2021)). "The agency must articulate a 'rational connection between the facts found and the choice made.'" Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc., 419 U.S. 281, 285 (1974) (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962)). "A reviewing court must 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful . . . [t]he court is not empowered to substitute its judgment for that of the agency." Id. (quoting Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)). "While [the court] may not supply a reasoned basis for the agency's action that the agency itself has not given, [it] will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Id. (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947); Colo. Interstate Gas Co. v. FPC, 324 U.S. 581, 595 (1945)).

"Under the APA, [the court's] review must be based on 'the whole [administrative] record or those parts of it cited by a party.'" Trenton Threatened Skies, 90 F.4th at 130 n.6 (quoting 5 U.S.C. § 706(2)).

**Analysis**

The inquiry for the court is whether SBA acted arbitrarily, capriciously, abused its discretion, or acted outside of the law when it held plaintiff ineligible for loan forgiveness of its PPP loan.

"As part of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Congress established the Paycheck Protection Program . . . to help keep small businesses afloat during the COVID-19 pandemic." Celebrity of Springfield LLC v. SBA, ___ F.4th ___, ___, 2026 WL 2795422, at *1 (3d Cir. Sept. 18, 2026). "The Program offered eligible businesses access to low interest loans, some of which could be forgiven." Id. For a PPP second-draw loan, at issue here, an applicant for forgiveness must be an "eligible entity." 15 U.S.C. § 636(a)(37)(J)(ii). "Eligible entity," for these purposes, means "any business concern . . . that . . . employs not more than 300 employees; and had gross receipts during the first, second, third, or . . . fourth quarter in 2020 that demonstrate not less than a 25 percent reduction from the gross receipts of the entity during the same quarter in 2019." § 636(a)(37)(A)(iv)(I)(aa)–(bb)(AA).

An eligible entity is eligible for forgiveness in an amount equal to the sum of various costs and expenditures, including payroll, interest on a mortgage, operations, costs of property damage, rent, utilities, supplier costs, and worker protection expenditures. § 636(a)(37)(J)(iii). Not more than 40 percent of the

forgiveness amount can be for non-payroll costs. § 636(a)(37)(J)(iv). To substantiate compliance with the many requirements of the PPP, eligible entities must retain, and may be required to provide, documentation demonstrating their eligibility for both the program and forgiveness. §§ 636(a)(37)(J)(v); 636m(l)(1)(A)(iii). In addition, SBA may require "additional materials" so long as they constitute "information required to substantiate forgiveness." § 636m(l)(1)(B). The SBA has audit authority to access these records, and "in the case of fraud, ineligibility, or other material noncompliance with applicable loan or loan forgiveness requirements, modify the amount of a covered loan . . . or the loan forgiveness amount." § 636m(l)(1)(C), (E).

Under this authority, SBA requested, on numerous occasions, for plaintiff to provide documents substantiating its eligibility for the program and forgiveness. (Doc. 20 ¶¶ 15–16). After failing to provide requested documents, including tax returns, tax transcripts, and form 1099s, SBA denied forgiveness because eligibility could not be ascertained. Id. ¶ 17. That decision was later upheld on administrative appeal and upon motion for reconsideration. Id. ¶¶ 18–24.

In its complaint, plaintiff alleges this decision lacked statutory or regulatory basis, and was arbitrary and capricious, because plaintiff provided "the appropriate documentation" and uploaded the same to the portal. (Doc. 1 ¶¶ 43–59). Plaintiff repeats a similar argument in its brief in opposition to the instant

motion. (Doc. 23 at 9). It also argues that "PNC Bank had an obligation to keep the records that were provided by the Plaintiff." (Doc. 1 ¶¶ 45–46).

As discussed above, SBA has authority to request documentation directly from the applicant. 15 U.S.C. § 636m(l)(1)(E); see also Celebrity of Springfield, LLC, 2026 WL 2795422, at *2 (explaining that the SBA is authorized to conduct investigations, ensure compliance, and deny forgiveness "in whole or in part" (quoting 85 Fed. Reg. 33010, 33012)); 85 Fed. Reg. at 33012 ("SBA may also request information directly from the borrower."). Any onus plaintiff attempts to assign to PNC fails as a matter of law.

As to whether plaintiff ultimately supplied sufficient documentation for SBA to make its eligibility determination, SBA focuses on its need for tax transcripts, which have never been supplied, but would show "what was actually submitted to the IRS to resolve any discrepancies with the records submitted to the SBA." (Doc. 24 at 8 (footnote omitted)). For example, plaintiff submitted internal records demonstrating net payroll payments of $1700 bi-weekly for the entirety of 2019, except for one payment of $1300 at the end of December. (Doc. 18 at 168). The payroll records in 2020 show a similar $1700 bi-weekly trend until April, when no payments were made, and then $1279.83 bi-weekly resuming in October. Id. at 169.

Notwithstanding these payroll records, the 2019 tax return provided by plaintiff shows no compensation of officers (line 7), nor salaries and wages (line 8). Id. at 178. The same goes for 2020. Id. at 187. So, SBA was faced with unofficial documents provided by plaintiff showing payroll being paid and payroll not being paid in either year. This inconsistency raised questions about the accuracy of what was submitted. Seeing as how payroll costs are an integral component of PPP forgiveness, § 636(a)(36)(A)(viii)(I)(aa)(AA), (a)(37)(J)(iii)(I), (J)(iv), it was rational for SBA to desire tax transcripts, official documents provided by the IRS, which "reflect[ ] in summary form information contained on [plaintiff's] tax return[s]." Patterson v. United States Virgin Islands, 597 F. App'x 671, 675 (3d Cir. 2015). Such transcripts would enable SBA to ascertain the official record of what plaintiff declared to the IRS and determine its eligibility for loan forgiveness. (Doc. 24 at 7–8). SBA was within its authority to request this information. § 636m(l)(1)(B). So, it was not arbitrary or in violation of law for SBA to deny plaintiff's application for forgiveness when plaintiff did not submit the necessary documents.

Nor was SBA's decision capricious or an abuse of discretion. SBA gave plaintiff multiple chances to obtain and file these documents. (Doc. 20 ¶¶ 15–16). Plaintiff did not submit the required documents, and SBA was unable to determine plaintiff's eligibility for forgiveness. The court disagrees with plaintiff's

assertion that the administrative record "shows clearly" that plaintiff "made a timely request for the transcripts on September 20, 2022." (Doc. 23 at 8). The Form 4506-T in the record does not contain a "RECEIVED" stamp like others plaintiff filed in association with its brief in opposition. (Compare Doc. 18 at 196 with Doc. 23-2 at 4). And so, nothing in the record indicates the form was ever filed. (See Doc. 20 ¶ 24). Even if it was, the form requests tax transcripts for Form 1120 for the years 2018, 2019, and 2020. (Doc. 18 at 196). But the returns supplied by plaintiff to SBA for the years 2019 and 2020 are Form 1120S. Id. at 178, 187. So, it remains uncertain whether the form would have yielded the transcripts the plaintiff sought.

The court acknowledges plaintiff's assertion that it can no longer obtain tax return transcripts for the years requested. (Doc. 23 at 9). But these developments occurred after the filing of this lawsuit and are unrelated to the final agency decision the court must review. (Cf. Docs. 23-1, 23-2). The original form plaintiff alleges to have filed is dated September 20, 2022. Id. at 196. The form states that "[m]ost requests will be processed within 10 business days." Id. Although plaintiff did not receive the requested transcripts in 10 business days, it did not re-attempt until June 27, 2024. (Doc. 23 at 8). So, contrary to Marjer's assertion, it is not "clear that Marjer, Inc. did all it could do to obtain and provide the Tax Transcripts from the IRS." Id. at 9.

**Conclusion**

The SBA was authorized by law to determine plaintiff's eligibility for PPP loan forgiveness, and it was plaintiff's duty to supply documentation necessary for SBA to do so. Because plaintiff did not do so, SBA did not violate the law, nor act arbitrarily and capriciously when it denied plaintiff forgiveness. The United States' Motion for Summary Judgment, (Doc. 19), will be **GRANTED**. An appropriate order follows.

**DATE:** 9/24/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**